PROB 12A
(REVISED 5/2011)

# United States District Court
## for
## Middle District of Tennessee
## Report on Offender Under Supervision

Name of Offender: <u>Eric Lynn Carter</u>    Case Number: <u>3:05-00089-01</u>

Name of Judicial Officer: <u>Honorable Todd J. Campbell, Chief, U.S. District Judge</u>

Date of Original Sentence: <u>January 5, 2006</u>

Original Offense: <u>18 U.S.C. §§ 371 and 1343 - Conspiracy to Commit Wire Fraud; and 18 U.S.C. § 1343 and 2 - Wire Fraud</u>

Original Sentence: <u>Forty-Six (46) months' custody; 2 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Supervision Commenced: <u>April 20, 2011</u>

Assistant U.S. Attorney: <u>S. Carren Daughtrey</u>   Defense Attorney: <u>Willam B. Bruce</u>

---

**THE COURT ORDERS:**
☒ No Action at this time
☐ Submit a Petition for Summons
☐ Submit a Petition for Warrant
☐ Other

Considered this <u>28</u> day of <u>June</u>, 2012, and made a part of the records in the above case.

_____
Chief, U. S. District Judge
Todd J. Campbell

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_/s/ Paul Montgomery_
Sr.U.S. Probation Officer
Paul Montgomery

Place   Nashville, Tennessee

Date    June 22, 2012

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The defendant shall refrain from any unlawful use of a controlled substance**

   Mr. Carter submitted a urine drug screen on December 2, 2011, which confirmed positive for cocaine. Mr. Carter denied he had used cocaine, however, the sample was sent to Alere Laboratory, who confirmed the presence of cocaine in the sample.

## Compliance with Supervision Conditions and Prior Interventions

Mr. Eric Carter began supervised release on April 20, 2011. The probation officer reviewed the conditions of supervised release with the defendant and provided him a copy of those conditions.

The Court was previously informed via a Probation Form 12A, Report on Offender Under Supervision, filed October 24, 2011, [Document 152] about non-compliant conduct by the defendant. Specifically, the defendant's struggle with substance abuse and the probation officer's efforts to render assistance to address this issue.

In summary, the defendant self-admitted himself to Vanderbilt University Medical Center and received inpatient drug treatment from August 22, 2011, until September 2, 2011. Upon discharge, Vanderbilt referred him to Centerstone and Skyline Medical Center for intensive outpatient drug treatment and to monitor for any mental health needs. Mr. Carter met with the medical staff at Centerstone on September 7, 2011, and was prescribed Prozac. Mr. Carter informed the probation officer he attended some intensive outpatient drug treatment classes at Skyline Medical Centers, but due to his dialysis treatment schedule, he found it impossible to make the scheduled appointments.

Mr. Carter was later placed in a 28-day inpatient drug treatment program at Buffalo Valley, Inc. He entered the program on October 5, 2011, and successfully completed that program on November 4, 2011. The defendant was placed at Matthew 25, a transitional-housing, substance abuse facility, on November 9, 2011. Due to the defendant's need for continuous care and support, it was believed Matthew 25, or a similar facility would provide him with the greatest possibility for success.

The defendant remained at Matthew 25 until he was terminated on December 3, 2011, due to illegal drug use. According to the Operations Manager, Rick Morehead, all residents were granted a pass to leave the facility during the Thanksgiving Holiday, and were specifically informed that they would be drug screened upon their return. The defendant's screen confirmed positive for cocaine. Although he denied use, he was still asked to leave the facility. According to Mr. Morehead, any resident who violates this policy must be removed from the program for a minimum of six months. The probation officer conducted at urine drug screen on the defendant on December 2, 2012, which confirmed positive for cocaine.

Mr. Carter was referred to Centerstone for a substance abuse evaluation. The evaluation was conducted on December 21, 2011. The defendant was diagnosed as suffering from: 296.34 MAJOR DEPRESSIVE DISORDER, RECURRENT, SEVERE WITH PSYCHOTIC FEATURES; 303.90 ALCOHOL DEPENDENCE; and 304.29 COCAINE DEPENDENCE. It was recommended the defendant receive weekly therapy, a psychiatric evaluation, and follow-up medication management appointments.

Mr. Carter has been receiving individual therapy at Centerstone since January 2012. He has continued to be randomly drug screened by the probation officer, and has not submitted any screens which were positive for illegal drugs since December 2, 2011. It appears the defendant has received significant benefits from his therapy at Centerstone.

It is recommended that Mr. Carter be continued on supervision at this time. The probation officer believes the defendant will continue to take advantage of the therapy he is receiving at Centerstone and will continue with his goal of successfully completing supervised release.

The U.S. Attorney's Office has been notified of the defendant's noncompliance.

Approved by: _____  
Kenneth Parham  
Supervisory U.S. Probation Officer